Moving Party:     Defendant Douglas County

Fugett v. Douglas County, Nebraska, et al.
Case No. 8:21-cv-00125

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:     Defendant Douglas County

The responding party is:     Plaintiff Cody Fugett

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| DC's Interrogatory No. 3: Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to the Douglas County official policy (or policies) responsive to Interrogatory No. 1 (which asks for the identification of any official policy of Douglas County which Plaintiff contends caused the damages alleged in his Complaint). | Identifying who Plaintiff believes was deliberately indifferent for a policy claim under *Monell* for purposes of Count III | Information will help identify witnesses for depositions and summary judgment; Citation to 8 deposition transcripts (in their entirety) is not responsive to a request for the identification of "material facts" because only Plaintiff can explain how he interprets the information in the depositions and citing to entire documents (without pin-point citation) is | No response to Douglas County's identified issues with Interrogatory No. 3, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |

Moving Party: __Defendant Douglas County__

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | not an answer (*Torre v. Northrop Grumman Systems Corp.*, 2016 WL 323593 (D.Neb. Jan. 26, 2016)) |  |  |  |  |
| DC's Interrogatory No. 5: Describe any Douglas County custom(s) which Plaintiff contends caused the damages alleged in his Complaint. | Identifying what Plaintiff believes was an unofficial custom of DCDC under *Monell* for purposes of Count III | Plaintiff's answer simply summarizes the Complaint and refers to a "custom" without ever identifying it; Information needed to help identify witnesses for depositions and summary judgment; Citation to 8 deposition transcripts (in their entirety) is not responsive (*Torre, supra*) | No response to Douglas County's identified issues with Interrogatory No. 5, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |
| DC's Interrogatory No. 6: Identify each material fact which Plaintiff contends establishes the existence of the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above. | Identifying what Plaintiff believes was a widespread, persistent pattern of very similar unconstitutional conduct for the first element of a custom claim under *Monell* | Information needed to help identify witnesses for depositions and summary judgment; Citation to 8 deposition transcripts (in their entirety) is not responsive (*Torre, supra*) | No response to Douglas County's identified issues with Interrogatory No. 6, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |

Moving Party:   Defendant Douglas County

| | for purposes of Count III | | | | | |
|---|---|---|---|---|---|---|
| DC's Interrogatory No. 8: Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to – or tacit authorization of – the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above. | Identifying who Plaintiff believes was deliberately indifferent to a widespread pattern of unconstitutional conduct for the second element of a custom claim under *Monell* for purposes of Count III | Information needed to help identify witnesses for depositions and summary judgment; Citation to 8 deposition transcripts (in their entirety) is not responsive (*Torre, supra*) | No response to Douglas County's identified issues with Interrogatory No. 8, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | *Plaintiff shall supplement answer as discussed during the telephone conference.* |
| DC's Interrogatory No. 9: Identify each material fact which Plaintiff contends establishes a causal connection between the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above, and the damages Plaintiff alleges in his Complaint. | Identifying what Plaintiff believes was causation for the third element of a custom claim under *Monell* for purposes of Count III | Information needed to help identify witnesses for depositions and summary judgment; Citation to 8 deposition transcripts (in their entirety) is not responsive (*Torre, supra*) | No response to Douglas County's identified issues with Interrogatory No. 9, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | *Plaintiff shall supplement answer as discussed during the telephone conference.* |
| DC's Interrogatory No. 10: Identify each correctional employee of Douglas County whom Plaintiff claims was deliberately | Identifying who Plaintiff believes was deliberately indifferent from | Information needed to help identify witnesses for depositions and summary judgment; | No response to Douglas County's identified issues with Interrogatory No. 10, but rather | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers | |

Moving Party:   Defendant Douglas County

| | | | | | | |
|---|---|---|---|---|---|---|
| indifferent in connection with the care and treatment he received while incarcerated at DCCC, and set forth every material fact upon which Plaintiff bases his contention. | DCDC for purposes of liability under Count III (was it somebody with policymaking authority?) | Information needed to avoid speculation about what constituted Douglas County's deliberate indifference; Plaintiff identified only Captain Earley, Dr. Foxall, and the County Board of Commissioners but gave no explanation as to how or why they were aware of the care and treatment PLAINTIFF (not other inmates) received; Plaintiff's conclusory statements are not material facts, which is what the County asked for | supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | | had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |
| DC's Interrogatory No. 11: Identify each correctional employee of Douglas County whom Plaintiff claims witnessed his condition described in the Complaint. | Identifying who Plaintiff believes was on notice and/or deliberately indifferent from DCDC for purposes of liability under Count III | Incorporation of Plaintiff's answer to Interrogatory No. 10 for his answer to Interrogatory No. 11 deficient for the same reasons identified above | No response to Douglas County's identified issues with Interrogatory No. 11, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |

Moving Party:    Defendant Douglas County

| | | | | | | |
|---|---|---|---|---|---|---|
| DC's Interrogatory No. 13: Identify each material fact upon which Plaintiff relies in alleging that medical professionals employed by CCS/Wellpath were, by extension, employed by Douglas County. | For purposes of separating the claims between the defendants | Information needed to address *respondeat superior* style claims that medical professionals employed by CCS were employed "by extension [by] Douglas County" (Compl. ¶¶38-39); Plaintiff's legal conclusions did not provide any "material facts" or even citation to the federal or state law that he claims establishes a non-delegable duty | No response to Douglas County's identified issues with Interrogatory No. 13, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |
| DC's Interrogatory No. 14: If you contend that any correctional employee of Douglas County has made any statement or comment, regardless of form, which is an admission against interest of Douglas County, set forth in detail any such statement, whom it was made by, and the date that it was made. | Identifying potential witnesses, testimony, and factual underpinnings of Plaintiff's claims; could be relevant to the elements of a *Monell* policy or custom claim. | Incorporation of Plaintiff's answer to Interrogatory No. 13 for his answer to Interrogatory No. 14 deficient for the same reasons identified above; additionally, unsupported legal theories regarding *respondeat superior* are unresponsive (did not provide a description of specific statements | No response to Douglas County's identified issues with Interrogatory No. 14, but rather supplemented answer to County's Interrogatory No. 2, which was never identified as deficient | Reasserted original position as Plaintiff did not address the concerns | During in-person meet and confer on 2/4/22, Plaintiff asserted that complete answers had been given and he would provide no further information | Plaintiff shall supplement answer as discussed during the telephone conference. |

Moving Party:   Defendant Douglas County

| | | by DCDC employees or identification of the declarant); Citation to deposition transcripts (in their entirety) and hundreds of pages of discovery materials exchanged in at least 7 other lawsuits is not responsive to a request regarding the specific description of statements made by County employees (*Torre, supra*) | | | |
|---|---|---|---|---|---|

Counsel for Plaintiff:         /s/ Thomas M. White

Counsel for Defendant Douglas        /s/ Meghan Bothe
County, NE:

Date:  March 9, 2022.

DATED: March 11, 2022
s/ Michael D. Nelson

DONALD W. KLEINE

# Douglas County Attorney

BRENDA BEADLE, CHIEF DEPUTY
909 CIVIC CENTER / OMAHA, NEBRASKA 68183-0406

Douglas County ("County") served interrogatories to gather information about the claims against it and raised the following issues with Plaintiff's answers, which remain unresolved.

Interrogatory No. 3 asks Plaintiff to state each material fact that Plaintiff contends demonstrates County policymaking officials' deliberate indifference. Rather than providing material facts, Plaintiff cites to depositions (in their entirety) of eight people taken in other lawsuits. Citing to hundreds of pages of deposition testimony from other lawsuits is not responsive and certainly does not identify material facts. "Providing or identifying records or documents from which an answer can be derived is typically not an appropriate response for contention interrogatories." *Torre v. Northrop Grumman Systems Corp.*, 2016 WL 323593, at \*2 (D.Neb. Jan. 26, 2016) (citing *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D 574, 577 n.5 (M.D.N.C. 2002) (holding "[o]nly plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants.")). "Only Plaintiff can explain how [he] interprets the information described in these [documents] and why [he] contends they" demonstrate County policymaking officials' deliberate indifference. *Id.* "Forcing Defendant to examine and decipher the documents and then to speculate how Plaintiff interprets each...imposes a burden on Defendant that is inconsistent with Rule 33(d). " *Id.*

For these same reasons, Plaintiff's incorporation of his answer to Interrogatory No. 3 in his answers to Interrogatory Nos. 5,[1] 6, 8, and 9 does not provide sufficient answers to those interrogatories either. Please see further explanation regarding these interrogatories in the Discovery Dispute Chart.

Interrogatory No. 10 asks Plaintiff to identify each correctional employee of the County whom Plaintiff claims was deliberately indifferent in connection with the care and treatment he received while at DCCC, and set forth every material fact upon which Plaintiff bases his contention. Plaintiff said he does not know the names of every DCDC employee who was aware of his particular condition, but that is paramount to the claims and an unacceptable answer at this time. The County has produced 304 pages of documents and 116 phone calls, and Wellpath has produced 635 pages of documents in this case. Plaintiff must provide a substantive answer, not conclusory statements. The mere identification of Captain Earley, Dr. Foxall,[2] and the Douglas County Board

---

[1] Interrogatory No. 5 asks Plaintiff to describe any Douglas County custom(s) which Plaintiff contends caused the damages alleged in his Complaint. In addition to the foregoing deficiencies, Plaintiff's answer is insufficient because it simply summarizes Plaintiff's Complaint – it does not actually identify any alleged unofficial customs. This is evident by the last sentence of Plaintiff's answer, which refers to "the custom" without stating what "the custom" being referred to is. Clearly Plaintiff's answer is non-responsive.

[2] Plaintiff's detention at issue in this case was in 2019 (Compl. ¶2) *after* Foxall retired in July 2018. Public record shows that following Foxall's retirement as the Director of DCDC, the County Board appointed Amber Redmond as the Interim Director and appointed Michael Myers as the Director of DCDC in October 2018. The identification of Foxall is demonstrably false and irrelevant to this lawsuit and proves the insufficient nature of Plaintiff's answer.

DONALD W. KLEINE
# Douglas County Attorney
BRENDA BEADLE, CHIEF DEPUTY
909 CIVIC CENTER / OMAHA, NEBRASKA 68183-0406

of Commissioners does not explain the material factual basis of how or why these individuals were aware of the care and treatment of Plaintiff (not others) during his detention.

For these same reasons, Plaintiff's incorporation of his answer to Interrogatory No. 10 in his answer to Interrogatory No. 11 does not provide sufficient answer to this interrogatory either. Please see further explanation regarding this interrogatory in the Discovery Dispute Chart.

Interrogatory No. 13 asks Plaintiff to identify each material fact upon which Plaintiff relies in alleging that medical professionals employed by CCS/Wellpath were, by extension, employed by the County. Plaintiff's Complaint alleges that medical professionals employed by Wellpath were employed "by extension [by] Douglas County" (Compl. ¶¶38-39), and his interrogatory answer simply reasserts this contention without providing any material facts. Plaintiff's unsupported conclusory statements are based on an alleged non-delegable duty, but do not factually explain this position or cite to the actual federal or state law he claims establishes said non-delegable duty. Furthermore, Plaintiff's statement that the County caused the termination of Dr. Esch is incorrect. Plaintiff has provided no facts (who, when, how, or why) explaining this contention and ignores that discovery in other lawsuits indicates that Dr. Esch resigned (*i.e.*, was not terminated by either the County or Wellpath). Interrogatory No. 13 was specifically to flush out the issue regarding the relationship between the County and Wellpath as there can be no *respondeat superior* under § 1983, but Plaintiff's non-responsive, conclusory answer does not provide information for the County to address his allegation that Wellpath employees were County employees.

Interrogatory No. 14 asks Plaintiff to identify any statement or comment made by a County employee that is an admission against interest of the County, and to set forth in detail any such statement, whom it was made by, and the date that it was made. The incorporation of Plaintiff's Answer to Interrogatory No. 13 in his answer to Interrogatory No. 14 is insufficient for the reasons explained above as well as non-responsive to the interrogatory at issue. Furthermore, citing to the depositions of numerous people in at least seven other lawsuits and hundreds of pages of discovery materials exchanged between the parties in those other cases is not responsive. *See Torre*, *supra*. Nothing about Plaintiff's answer sets "forth in detail any such statement [against the interest of the County], whom it was made by, and the date that it was made." Plaintiff's answer avoids the actual substance of the interrogatory and is non-responsive and insufficient.

The County's interrogatories were served to narrow and sharpen Plaintiff's only remaining claims against it, but Plaintiff's answers leave the County at the same place it was before it ever sent discovery. Not only are Plaintiff's overbroad answers citing to hundreds of pages of discovery from other lawsuits non-responsive, but his tactic of answering interrogatories with the same facts found in the Complaint and providing conclusory (non-factual) statements is insufficient. *See Torre*, *supra*, 2016 WL 323593, *3 at fn 2 (cautioning Plaintiff that answering interrogatories with facts recited in the Amended Complaint and conclusory statements and generalities are not sufficient discovery responses). Without complete and sufficient answers to its Interrogatories, the County is not able to address whatever facts Plaintiff is relying upon in his claims against it.

2

THOMAS M. WHITE
twhite@whitejorgensen.com
AMY S. JORGENSEN
ajorgensen@whitejorgensen.com

# LAW OFFICES OF
## WHITE & JORGENSEN
**3114 ST. MARY'S AVENUE**
**OMAHA, NE  68105-1451**
**Telephone (402) 346-5700**
**Facsimile (402) 346-5999**

Of Counsel:

C. THOMAS WHITE
(1928-2020)

March 9, 2022

Honorable Michael D. Nelson
RomanL. Hruska U.S. Courthouse
111 S. 18th Plz., #2210
Omaha, NE 68102

                    RE:    Fugett v. Douglas County, Nebraska etal
                              Case No: 8:21-125

       Pursuant to the text order dated February 24, 2022 the Plaintiff submits his statement.

       Federal Rules of Civil Procedure Rule 26(b)(3)(B) provides, in part: "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative of a party concerning the litigation."
       It is clear that the purpose of the Defendant's requests to require answers/responses is not the production of any documents or information, but to require the Plaintiff to disclose the attorney's work product; indeed the theory or mental impressions of the Plaintiff's attorney. Plaintiff asserts that he has responded to the Defendant's requests by stating that the Plaintiff relies on the information or production set forth in his responses and other records which have been previously produced in this matter.  At this time, all documents, depositions or information that the Plaintiff may or may not rely to support his allegations have been produced or as stated in his responses.  The Defendant Douglas County, Nebraska has access to all documents produced, information and depositions taken in this matter and Plaintiff should not be required to set forth each and every produced document, information or deposition testimony that the Plaintiff thinks supports/contradicts his allegations when Defendant likewise has access to those documents and depositions.  If Plaintiff subsequently locates a document or certain information that has not been produced or identified and such falls within the Defendant's requests, the Plaintiff is required to supplement his responses/answers.  The demand of the Defendant's Motion to identify all such documents, information or deposition testimony renders the Motion to Compel production burdensome, completely unnecessary and seeks disclosure of the attorney's work product.
       Based upon the above, the Plaintiff submits that the Defendant's Motion to Compel should be denied.

                              Very truly yours,

                              Thomas M. White

TMW/mjg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CODY FUGETT | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 8:21 -cv-00125 |
| | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S ANSWERS TO** |
| DOUGLAS COUNTY, NEBRASKA, and | ) | **DOUGLAS COUNTY'S FIRST SET** |
| WELLPATH, LLC f/k/a CORRECT CARE | ) | **OF INTERROGATORIES** |
| SOLUTIONS, d/b/a CCS NEBRASKA | ) | |
| MEDICAL SERVICES, P.C. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

COMES NOW the Plaintiff, Cody Fugett, and hereby submits his Answers to Defendant Douglas County's First Set of Interrogatories as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any official policy (or policies) of Douglas County which Plaintiff contends caused the damages alleged in his Complaint.

**ANSWER:**    Objection to what constitutes an "official" policy.  Consistently tolerated patterns of behavior at Douglas County Corrections (DCC) evince policies adopted in fact if not codified.  Such policies include but are not limited to:

- Denying necessary diagnostic tests so as to avoid or delay identification and treatment of medical conditions of inmates;

- Determining what if any care will be given to inmates by considering the offence for which they are incarcerated and not just symptoms and medical condition;

- Refusing requested care even when such care is immediately necessary;

- Forcing inmates in need of immediate care to file kites and appeals that are routinely denied, delaying necessary care until the inmate is discharged or transferred to another facility or to shorten the time DCC must provide care until release or transfer;

- Punishing inmates who attempt to appeal denials of care by further delaying treatment;

- Making the appeal process so cumbersome, onerous and ultimately fruitless to discourage inmates from seeking care or appealing the denial of care;

- Failing to require proper staffing in the medical care unit causing dangerous delays in the diagnosis and treatment of medical conditions including provision of medications in a timely manner;

- Permitting the falsification of medical records regarding the provision of medications;

- Refusing to permit the continuation of medications prescribed to inmates prior to incarceration or when transferred from a different penal institution.

**INTERROGATORY NO. 2:** Identify each Douglas County policymaker Plaintiff contends knew that the official policy (or policies) responsive to Interrogatory No. 1, above, would result in a violation of Plaintiff's constitutional rights.

**ANSWER:** Based on years of Complaints from inmates and lawsuits filed on their behalf, Douglas County officials from correctional officers, to DCC senior command and up to and including County Commissioners are well aware of the course of conduct outlined in the answer to Interrogatory No. 1 and tolerate and condone the continuation of such behaviors.

**INTERROGATORY NO. 3:** Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to the Douglas County official policy (or policies) responsive to Interrogatory No. 1, above.

**ANSWER:** See answers to Interrogatory Nos. 1 and 2; Depositions of Willie Aponick, Anthony Casaus, Roger Cook, Duoth Deng, Sha'Ron Ellis, Edward Leza, Tevin White and Mary Rapp (5th Amendment deposition)

**INTERROGATORY NO. 4:** Identify each material fact which Plaintiff contends establishes a causal connection between the official policy (or policies) responsive to Interrogatory

2

No. 1, above, and the damages Plaintiff alleges in his Complaint.

**ANSWER:**   Cody Fugett with open sores apparent on his penis and symptoms consistent with a sexually transmitted disease was wrongfully denied a diagnostic test for approximately five months which would have revealed he was infected by Syphillis and HIV.  This occurred after wrongful refusal by DCC agent Correct Care Solutions/Wellpath to diagnosis Duoth Deng for Chlamydia and after his lawsuit was on file.  It also occurred after, Duoth Deng, Willie Aponick, Anthony Casaus, Sha'Ron Ellis, Edward Leza, Tevin White, Roger Cook were denied medical care completely or for substantial periods of time.

**INTERROGATORY NO. 5:**   Describe any Douglas County custom(s) which Plaintiff contends caused the damages alleged in his Complaint.

**ANSWER:**   As a result of the policies described Answers to Interrogatory Nos. 1, 2, 3, &4 Plaintiff had to endure for approximately 5 months the unabated and untreated symptoms of Syphilis and HIV.  The delay of such treatment put and continues to put Plaintiff at increased risk of severe complications of these diseases.  The custom  also put the entire population of DCC, former sexual partners of Plaintiff and indeed the general public at great risk.

**INTERROGATORY NO. 6:**   Identify each material fact which Plaintiff contends establishes the existence of the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   See Answers to Interrogatory Nos. 1, 2, 3, 4 and 5.

**INTERROGATORY NO. 7:**     Identify each Douglas County policymaker Plaintiff contends knew of the custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   Including but not limited to Mr. Mark Foxall, Captain Mary Early and the Douglas County Commissioners, who should be aware of the pending lawsuits and associated discovery..

3

**INTERROGATORY NO. 8:**   Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to – or tacit authorization of – the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   See Answers to Interrogatory Nos. 1, 2, 3, 4, & 5.  The conditions described above have existed for several years and continue to exist today.

**INTERROGATORY NO. 9:**   Identify each material fact which Plaintiff contends establishes a causal connection between the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above, and the damages Plaintiff alleges in his Complaint.

**ANSWER:**   See Answer to Interrogatory Nos. 1, 2, 3, & 4 and especially No. 5.

**INTERROGATORY NO. 10:**   Identify each correctional employee of Douglas County whom Plaintiff claims was deliberately indifferent in connection with the care and treatment he received while incarcerated at DCCC, and set forth every material fact upon which Plaintiff bases his contention.

**ANSWER:**   Plaintiff does not know the names of every DCC employee who was aware of his particular condition but certainly Captain Early, Mr. Foxall and the County Commissioners were aware of the various facts underlying extensive claims for failure to provide medical care while Correct Care Solutions now Wellpath have been retained to provided such services at DCC.

**INTERROGATORY NO. 11:**   Identify each correctional employee of Douglas County whom Plaintiff claims witnessed his condition described in the Complaint.

**ANSWER:**   See Answer to Interrogatory No. 10.

**INTERROGATORY NO. 12:** Identify all persons known to Plaintiff who possess or claim to possess knowledge relating to the claims and defenses at issue in this lawsuit and provide a

4

description of the knowledge each person identified possesses or claims to possess. (This is intended to elicit identification of persons possessing or claiming to possess information either supporting or tending to refute Plaintiff's claims, and identification of persons possessing or claiming to possess information either supporting or tending to refute Douglas County's denials and defenses.)

**ANSWER:**   Captain Early, Mr. Foxall, Tom White, Mary Jo Gunnels, Cody Fugett, Willie Aponick, Anthony Casaus, Roger Cook, Duoth Deng, Sha'Ron Ellis, Edward Leza, Tevin White, Mary Rapp (5th Amendment deposition), Channel 6, John Ezell, Dr. Esch and her supervisor.  Chris Welsh - Estate of Susan D. Kiscoan - Case No. 8:19-cv-406; Discovery is not completed and this will be supplemented.

**INTERROGATORY NO. 13:**   Identify each material fact upon which Plaintiff relies in alleging that medical professionals employed by CCS/Wellpath were, by extension, employed by Douglas County.

**ANSWER:**   Plaintiff contends that Douglas County has a non delegable duty under 42 US 1983 and Nebraska law to provide medical care to inmates at DCC.  As such Correct Care Solutions/Wellpath are dejure and defacto employees under the control of Douglas County.  Douglas County has in the past exercised it's control to cause the termination of Dr. Esch as the physician employed at Douglas County Corrections.

**INTERROGATORY NO. 14:**   If you contend that any correctional employee of Douglas County has made any statement or comment, regardless of form, which is an admission against interest of Douglas County, set forth in detail any such statement, whom it was made by, and the date that it was made.

**ANSWER:**   See answer to Interrogatory No. 13.  All CCS/Wellpath employees are also employees and agents of Douglas County.  See the names provided in response to the preceding interrogatories.  Copies of pleadings, discovery materials and depositions taken in those lawsuits

5

contain such statements..

CODY FUGETT, Plaintiff

BY: *(signature)*

Thomas M. White, #17452
Amy S. Jorgensen, #23215
WHITE & JORGENSEN
3114 St. Mary's Avenue
Omaha, Nebraska  68105
(402) 346-5700

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via e-mail on, December 21, 2021, to the following:

Joshua R. Woolf
Megan M. Bothe
Timothy K. Dolan
Deputy County Attorneys
909 Civic Center
Omaha, NE 68183
joshuawoolf@douglascounty-ne.gov

Travis W. Tettenborn
Cline Williams Wright
   Johnson & Oldfather, LLP
12910 Pierce St., Ste. 200
Omaha, NE 68144

*(signature)*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CODY FUGETT                                      )
                                                 )
                    Plaintiff(s),                )          Case No. 8:21 -cv-00125
                                                 )
                                                 )
                    v.                           )          **PLAINTIFF'S SUPPLEMENTAL**
DOUGLAS COUNTY, NEBRASKA, and                    )          **ANSWERS TO DOUGLAS**
WELLPATH, LLC f/k/a CORRECT CARE                 )          **COUNTY'S FIRST SET**
SOLUTIONS, d/b/a CCS NEBRASKA                    )          **OF INTERROGATORIES**
MEDICAL SERVICES, P.C.                           )
                                                 )
                    Defendant(s).                )
                                                 )
                                                 )

        COMES NOW the Plaintiff, Cody Fugett, and hereby submits his Supplemental Answers to

Defendant Douglas County's First Set of Interrogatories as follows:

<u>**INTERROGATORIES**</u>

        <u>**INTERROGATORY NO. 1:**</u> Identify any official policy (or policies) of Douglas County

which Plaintiff contends caused the damages alleged in his Complaint.

        <u>**ANSWER:**</u>    Objection to what constitutes an "official" policy.  Consistently tolerated

patterns of behavior at Douglas County Corrections (DCC) evince policies adopted in fact if not

codified.  Such policies include but are not limited to:

- Denying necessary diagnostic tests so as to avoid or delay identification and treatment of medical conditions of inmates;

- Determining what if any care will be given to inmates by considering the offence for which they are incarcerated and not just symptoms and medical condition;

- Refusing requested care even when such care is immediately necessary;

- Forcing inmates in need of immediate care to file kites and appeals that are routinely denied, delaying necessary care until the inmate is discharged or transferred to another facility or to shorten the time DCC must provide care until release or transfer;

- Punishing inmates who attempt to appeal denials of care by further delaying treatment;

- Making the appeal process so cumbersome, onerous and ultimately fruitless to discourage inmates from seeking care or appealing the denial of care;

- Failing to require proper staffing in the medical care unit causing dangerous delays in the diagnosis and treatment of medical conditions including provision of medications in a timely manner;

- Permitting the falsification of medical records regarding the provision of medications;

- Refusing to permit the continuation of medications prescribed to inmates prior to incarceration or when transferred from a different penal institution.

**INTERROGATORY NO. 2:**  Identify each Douglas County policymaker Plaintiff contends knew that the official policy (or policies) responsive to Interrogatory No. 1, above, would result in a violation of Plaintiff's constitutional rights.

**ANSWER:**    Based on years of Complaints from inmates and lawsuits filed on their behalf, Douglas County officials from correctional officers, to DCC senior command and up to and including County Commissioners are well aware of the course of conduct outlined in the answer to Interrogatory No. 1 and tolerate and condone the continuation of such behaviors.

**SUPPLEMENTAL ANSWER:**

Correct Care Solutions now Wellpath has a history of denying or delaying necessary medical care to inmates.  Pending or completed litigation establish that the following inmates were denied care.

| | |
|---|---|
| Duoth Deng - | Sexually transmitted disease |
| Roger Cook - | Bilateral Lung Cancer (deceased) |
| Tevin White - | Broken Hip/femur |
| Sha'Ron Ellis - | Abdomen surgery to relocate abdominal muscles |
| Edward Leza - | Hepatitis C and related Bells Palsy |

2

| Willie Aponick - | Contusions on his back, forearm, and left hand, head injury; cracked ribs and sciatic |
| Anthony Casaus - | Ulcerative Colitis |
| John Ezell - | Colostomy reversal (not yet filed) Tort claims pending but suit not filed) |

The medical records in each of the above cases have been produced in the pending state cases and in the possession of Douglas County. Those records as well as the depositions of each Plaintiff establishes the denial of care and the futility of the grievance process to address the issue.

In a 2017 audit of Douglas County Corrections the inadequacy of the grievance process was identified. A copy of the first page and applicable finding is attached. Despite that finding the grievance process has not been corrected. Inmates must still file a kite to request a grievance form which is regularly delayed, ignored, forgotten or denied by Douglas County Staff.

Mr. John Ezell will testify that the above process still existed through 2021.

In 2021, Chanelle Torry a then employee at Correct Care Solutions/Wellpath witnessed Correct Care Solutions employees discussing Mr. Ezell's case and justified the denial of the operation because he was charged with shooting a police officer.

The Plaintiff has retained and will endorse as an Expert a physician who has reviewed the above records and will offer opinion testimony that the above establishes a pattern of behavior known to and establishing a policy or pattern deliberated indifference of Douglas County allowing the denial of necessary medical treatment.

**INTERROGATORY NO. 3:** Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to the Douglas County official policy (or policies) responsive to Interrogatory No. 1, above.

**ANSWER:** See answers to Interrogatory Nos. 1 and 2; Depositions of Willie Aponick, Anthony Casaus, Roger Cook, Duoth Deng, Sha'Ron Ellis, Edward Leza, Tevin White and Mary Rapp (5th Amendment deposition)

**INTERROGATORY NO. 4:** Identify each material fact which Plaintiff contends establishes a causal connection between the official policy (or policies) responsive to Interrogatory

3

No. 1, above, and the damages Plaintiff alleges in his Complaint.

**ANSWER:**   Cody Fugett with open sores apparent on his penis and symptoms consistent with a sexually transmitted disease was wrongfully denied a diagnostic test for approximately five months which would have revealed he was infected by Syphillis and HIV.  This occurred after wrongful refusal by DCC agent Correct Care Solutions/Wellpath to diagnosis Duoth Deng for Chlamydia and after his lawsuit was on file.  It also occurred after, Duoth Deng, Willie Aponick, Anthony Casaus, Sha'Ron Ellis, Edward Leza, Tevin White, Roger Cook were denied medical care completely or for substantial periods of time.

**INTERROGATORY NO. 5:**   Describe any Douglas County custom(s) which Plaintiff contends caused the damages alleged in his Complaint.

**ANSWER:**   As a result of the policies described Answers to Interrogatory Nos. 1, 2, 3, &4 Plaintiff had to endure for approximately 5 months the unabated and untreated symptoms of Syphilis and HIV.  The delay of such treatment put and continues to put Plaintiff at increased risk of severe complications of these diseases.  The custom  also put the entire population of DCC, former sexual partners of Plaintiff and indeed the general public at great risk.

**INTERROGATORY NO. 6:**   Identify each material fact which Plaintiff contends establishes the existence of the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   See Answers to Interrogatory Nos. 1, 2, 3, 4 and 5.

**INTERROGATORY NO. 7:**   Identify each Douglas County policymaker Plaintiff contends knew of the custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   Including but not limited to Mr. Mark Foxall, Captain Mary Early and the Douglas County Commissioners, who should be aware of the pending lawsuits and associated discovery..

4

**INTERROGATORY NO. 8:**   Identify each material fact that Plaintiff contends demonstrates Douglas County policymaking officials' deliberate indifference to – or tacit authorization of – the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above.

**ANSWER:**   See Answers to Interrogatory Nos. 1, 2, 3, 4, & 5.  The conditions described above have existed for several years and continue to exist today.

**INTERROGATORY NO. 9:**   Identify each material fact which Plaintiff contends establishes a causal connection between the Douglas County custom(s) whose description is responsive to Interrogatory No. 5, above, and the damages Plaintiff alleges in his Complaint.

**ANSWER:**   See Answer to Interrogatory Nos. 1, 2, 3, & 4 and especially No. 5.

**INTERROGATORY NO. 10:**   Identify each correctional employee of Douglas County whom Plaintiff claims was deliberately indifferent in connection with the care and treatment he received while incarcerated at DCCC, and set forth every material fact upon which Plaintiff bases his contention.

**ANSWER:**   Plaintiff does not know the names of every DCC employee who was aware of his particular condition but certainly Captain Early, Mr. Foxall and the County Commissioners were aware of the various facts underlying extensive claims for failure to provide medical care while Correct Care Solutions now Wellpath have been retained to provided such services at DCC.

**INTERROGATORY NO. 11:**   Identify each correctional employee of Douglas County whom Plaintiff claims witnessed his condition described in the Complaint.

**ANSWER:**   See Answer to Interrogatory No. 10.

**INTERROGATORY NO. 12:** Identify all persons known to Plaintiff who possess or claim to possess knowledge relating to the claims and defenses at issue in this lawsuit and provide a

5

description of the knowledge each person identified possesses or claims to possess. (This is intended to elicit identification of persons possessing or claiming to possess information either supporting or tending to refute Plaintiff's claims, and identification of persons possessing or claiming to possess information either supporting or tending to refute Douglas County's denials and defenses.)

**ANSWER:**   Captain Early, Mr. Foxall, Tom White, Mary Jo Gunnels, Cody Fugett, Willie Aponick, Anthony Casaus, Roger Cook, Duoth Deng, Sha'Ron Ellis, Edward Leza, Tevin White, Mary Rapp (5th Amendment deposition), Channel 6, John Ezell, Dr. Esch and her supervisor.  Chris Welsh - Estate of Susan D. Kiscoan - Case No. 8:19-cv-406; Discovery is not completed and this will be supplemented.

**INTERROGATORY NO. 13:**   Identify each material fact upon which Plaintiff relies in alleging that medical professionals employed by CCS/Wellpath were, by extension, employed by Douglas County.

**ANSWER:**   Plaintiff contends that Douglas County has a non delegable duty under 42 US 1983 and Nebraska law to provide medical care to inmates at DCC.  As such Correct Care Solutions/Wellpath are dejure and defacto employees under the control of Douglas County.  Douglas County has in the past exercised it's control to cause the termination of Dr. Esch as the physician employed at Douglas County Corrections.

**INTERROGATORY NO. 14:**   If you contend that any correctional employee of Douglas County has made any statement or comment, regardless of form, which is an admission against interest of Douglas County, set forth in detail any such statement, whom it was made by, and the date that it was made.

**ANSWER:**   See answer to Interrogatory No. 13.  All CCS/Wellpath employees are also employees and agents of Douglas County.  See the names provided in response to the preceding interrogatories.  Copies of pleadings, discovery materials and depositions taken in those lawsuits

6

contain such statements..

CODY FUGETT, Plaintiff

BY: _Thomas White_
Thomas M. White, #17452
Amy S. Jorgensen, #23215
WHITE & JORGENSEN
3114 St. Mary's Avenue
Omaha, Nebraska 68105
(402) 346-5700

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via e-mail on, January 25, 2022, to the following:

Joshua R. Woolf
Megan M. Bothe
Timothy K. Dolan
Deputy County Attorneys
909 Civic Center
Omaha, NE 68183
joshuawoolf@douglascounty-ne.gov

Travis W. Tettenborn
Cline Williams Wright
   Johnson & Oldfather, LLP
12910 Pierce St., Ste. 200
Omaha, NE 68144

_Thomas White_

7